EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62468-MGC

HOWARD COHAN,

    Plaintiff,

vs.

JERRY'S ARTARAMA SOUTH, INC.,
a Florida profit corporation d/b/a
JERRY'S ARTARAMA; and JERRY'S
ART SUPPLY WAREHOUSE WPB, LLC,
a Florida limited liability company d/b/a
JERRY'S ARTARAMA,

    Defendant.

_____/

## CONSENT DECREE

IT IS HEREBY stipulated and agreed by and between Plaintiff, HOWARD COHAN

(hereinafter referred to as "Plaintiff"), and Defendants, JERRY'S ARTARAMA SOUTH, INC., a

Florida Profit Corporation, d/b/a JERRY'S ARTARAMA and JERRY'S ART SUPPLY

WAREHOUSE WPB LLC, a Florida Limited Liability Company, d/b/a JERRY'S ARTARAMA

together with their agents, employees, attorneys, predecessors, successors, parent and subsidiary

entities, insurers, affiliates, and assigns (hereinafter collectively referred to as " the Defendants"),

as follows[1]:

**WHEREAS**, Plaintiff filed the above styled action against Defendants for alleged violations

of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182, et seq. ("ADA"), pursuant

to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses and costs;

---

[2] Plaintiff and Defendant may hereinafter be referred to collectively as the "Parties".

**WHEREAS**, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Consent Decree; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

**NOW, THEREFORE,** in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. **Modifications.**

Defendants have represented and provided expert reports indicating that they have made the modifications to the subject property, which is located at 242 S Federal Hwy, Deerfield Beach, FL 33441 and 2505 Okeechobee Blvd, West Palm Beach, FL 33409, ("Property"), set forth on Exhibit "A" and Exhibit "B" hereto (the "Modifications").

To the extent that this Consent Decree references specific ADAAG code sections, these references are solely for guidance where readily achievable. The Parties agree that based upon the completion of the Modifications above all currently readily achievable alterations to the Property have been made and that the Property at the time of execution of this Consent Decree is otherwise in compliance with the readily achievable requirements of the ADA, ADAAG and FACBC.

2. **Release.** In exchange for the good and valuable consideration set forth herein the sufficiency of which is hereby acknowledged, the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties") hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members,

affiliated entities, and any entity or person related to them, jointly and severally, (hereinafter the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property, and any other Florida location operated by the Defendants, and this subject litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by the Defendants pursuant to paragraph 5 of this Consent Decree.

3.      **Attorneys' Fees, Costs, Expenses, and all other Amounts due by the Defendants.** Defendants shall pay all of Plaintiff's reasonable attorney's fees, litigation expenses, and costs incurred in this matter, in an amount delineated in the Confidential Fee Agreement executed by the Parties, which shall be paid within ten (10) days of the entry of this Consent Decree by the Court, by draft payable to the Law Office of Gregory S. Sconzo, P.A. ("Payment"). Plaintiff and his counsel agree that this payment constitutes all attorney's fees and costs to be recovered by Plaintiff in this action. If Defendants fail to make Payment timely, Plaintiff's counsel, after five (5) business days written notice to the Defendants' counsel by email, may move the court for an Order of Default granting a judgment in the amount still owed by Defendants, plus attorney's fees for the necessity of bringing the motion.

3.      **Assignment.** Should either Defendant assign its rights and obligations under this Consent Decree to any such Successor of the Property, and the Successor assumes such rights and obligations in writing, Plaintiff agrees that such Defendant shall be released from any and all claims or causes of actions relating to obligations set forth in this Consent Decree, including but

not limited to, any action taken to enforce the terms of this Consent Decree, except that payment of the Costs and Fees is to be made as set forth in paragraph five (5) above pursuant to the terms thereof unless the Successor agrees to assume said obligation(s). If the Successor assumes the rights and obligations under this Consent Decree as set forth above, the Successor and only the Successor, may be sued to enforce the terms of this Consent Decree, and such Defendant shall not be sued.

4. **Confidentiality.** The Parties warrant that all the provisions of the Confidential Fee Agreement will remain in strict confidence, except where disclosure is required by applicable law, court order or subpoena compelling disclosure. The Parties agree to refrain from making any statements about the above styled action, the allegations contained therein, or the Confidential Fee Agreement.

5. **Invalidation.** If any provision of this Consent Decree is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Consent Decree shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

6. **Drafting.** The Parties acknowledge that Plaintiff and Defendants were able to draft, review and revise this Consent Decree and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Consent Decree.

7. **Entire Agreement.** This Consent Decree constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with

the matter herein. Any agreement to amend or modify the terms and conditions of this Consent Decree must be in writing and executed by the Parties hereto.

8. **Non-Admission of Liability.** Neither this Consent Decree nor anything contained herein shall constitute or is to be construed as an admission by Defendants, the Released Parties, or by any officials, contractors or agents of Defendants or the Released Parties of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Consent Decree has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

9. **Dismissal.** Within five (5) business days of the date this Consent Decree is fully executed, Plaintiff shall file a Joint Motion for Approval and Entry of this Consent Decree, and proposed Order approving the same. The Parties further agree that the Confidential Fee Agreements shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

10. **Governing Law.** This Consent Decree shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Consent Decree shall be filed either (i) in Palm Beach County Circuit Court or (ii) in the Federal Court for the United States, Southern District of Florida.

11. **Counterparts.** The Parties agree that this Consent Decree and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and

the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

IN WITNESS WHEREOF, the undersigned hereto execute this Consent Decree.

By: _____  Date: 1/15/2020

Gregory S. Sconzo, Esq.
Florida Bar No.: 0105553
Law Office of Gregory S. Sconzo, P.A.
3825 PGA Blvd., Suite 207
Palm Beach Gardens, FL 33418
Phone: 561-729-0940 Fax: 561-491-9459
Email: greg@sconzolawoffice.com
*Counsel for Plaintiff, Howard Cohan*

By: _____  Date: 1/15/20
HOWARD COHAN

By: _____  Date: 1/15/20
William G. Salim, Jr., Esq.
Florida Bar No.: 750379
Moskowitz, Mandell, Salim & Simowitz, P.A.
800 Corporate Drive, Suite 500
Ft. Lauderdale, FL 33334
Phone: 954-491-2000 Fax: 954-491-2051
Email: wsalim@mmsslaw.com
*Counsel for Defendants*

By: _____  Date: 1/15/20
JERRY'S ARTARAMA SOUTH, INC. et. al.

Print: Bob Marcus

Title: CFo

By: _____   Date: __1/15/20__

JERRY'S ART SUPPLY WAREHOUSE WPB LLC,

Print: ___Bob Marcus___

Title: _____CEO_____

# EXHIBIT "A" TO CONSENT DECREE - MODIFICATIONS

## The Defendants have remedied the alleged ADA violations on the Subject Property

## as follows:

### Jerry's Artarama Okeechobee
#### Men's Restroom

a. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3, 309.4 and 308.

b. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

c. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

d. Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

e. Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6.

f. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§604 and 604.4.

g. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

h. Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

### Jerry's Artarama Deerfield
#### Men's Restroom

a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

b. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

c. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

d. Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

e. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

f. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

g. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

h. Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§604 and 604.4.

i. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

j. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

k. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§606, 606.1, 308 and 308.2.2.